**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**                                **Crim. Action No. 1:18-CR-50-1**
                                                                  **(Kleeh)**

**TERRICK ROBINSON,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION TO DISMISS (SPEEDY TRIAL ACT) [ECF NO. 124] AND MOTION TO DISMISS (SIXTH AMENDMENT) [ECF NO. 131]**

On December 13, 2019, the Court held a motion hearing in the above-referenced matter. The parties argued the merits of multiple motions, including Defendant's Amended Motion to Dismiss - Speedy Trial Act [ECF No. 124] and his Motion to Dismiss - Sixth Amendment [ECF No. 131]. On December 17, 2019, during the pretrial conference, after providing the parties another opportunity to be heard on the issues, the Court notified the parties that it would deny both motions and articulated its reasons on the record. For those reasons and the reasons discussed herein, both motions are denied.

    **I.**    <u>**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**</u>

On September 4, 2018, law enforcement conducted a controlled purchase of approximately one pound of methamphetamine in Room 202 of the Red Roof Inn in Fairmont,

**MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION TO DISMISS (SPEEDY TRIAL ACT) [ECF NO. 124] AND MOTION TO DISMISS (SIXTH AMENDMENT) [ECF NO. 131]**

West Virginia. The confidential informant purchased the methamphetamine from Defendant Terrick Robinson ("Robinson"). After the purchase took place, Robinson drove away from the hotel. Following the controlled purchase, law enforcement filed a federal criminal complaint against Robinson and executed a federal arrest warrant upon him. Additionally, they executed a search warrant upon his vehicle. Officers also executed a search warrant upon Room 202 of the Red Roof Inn.

In Room 202, officers encountered Co-Defendants William Gregory Chappell ("Chappell") and Seddrick Banks ("Banks"). After learning the identities of Chappell and Banks, law enforcement learned that there was an outstanding fugitive warrant for Banks from the State of Georgia. Banks was arrested and taken into state custody. Two days later, on September 6, 2018, the United States filed federal criminal complaints against Chappell and Banks. A federal detainer was lodged against Banks.

On October 3, 2018, the grand jury returned a six-count Indictment against Robinson, Chappell, and Banks.[1] The charges

---

[1] The grand jury charged Defendants with the following: (I) Conspiracy to Possess with the Intent to Distribute and Distribute [sic] Controlled Substances (Robinson, Chappell, Banks); (II) Distribution of Methamphetamine (Robinson); (III) Possession with Intent to Distribute Methamphetamine – Aiding and

USA V. ROBINSON                                              1:18-CR-50-1

**MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION TO DISMISS (SPEEDY TRIAL ACT) [ECF NO. 124] AND MOTION TO DISMISS (SIXTH AMENDMENT) [ECF NO. 131]**

related to distribution of drugs and possession of firearms. Although Robinson and Chappell were already in federal custody, they were arraigned on the Indictment on October 9, 2018. Banks remained in Georgia, awaiting trial on state charges. On March 19, 2019, the grand jury returned an 11-count Superseding Indictment, adding multiple charges and a new defendant: Joel Jiminez ("Jiminez").[2] Robinson and Chappell were arraigned on the Superseding Indictment on March 27, 2019, and April 4, 2019, respectively. Banks, again, remained in Georgia.

As of September 30, 2019, a trial date had not been set. On September 30, 2019, Robinson filed a Motion to Dismiss – Speedy

---

Abetting (Robinson, Chappell, Banks); (IV) Possession with Intent to Distribute Cocaine – Aiding and Abetting (Chappell, Banks); (V) Possession of Firearm in Furtherance of Drug Trafficking Crime (Chappell); and (VI) Possession of Firearm in Furtherance of Drug Trafficking Crime (Banks).

[2] The grand jury charged Defendants with the following: (I) Conspiracy to Possess with the Intent to Distribute and Distribute [sic] Controlled Substances (Robinson, Chappell, Banks, Jiminez); (II) Distribution of Methamphetamine (Robinson); (III) Possession with Intent to Distribute Methamphetamine – Aiding and Abetting (Robinson, Chappell, Banks); (IV) Possession with the Intent to Distribute Cocaine Hydrochloride – Aiding and Abetting (Robinson, Chappell, Banks); (V) Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime (Chappell); (VI) Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime (Banks); (VII) Possession with the Intent to Fentanyl [sic] – Aiding and Abetting (Robinson, Chappell, Banks); (VIII) Use of a Firearm During and in Relation to a Drug Trafficking Crime – Aiding and Abetting (Robinson); (IX) Use and Carry a Firearm During and in Relation to a Drug Trafficking Crime (Robinson); (X) Distribution of Fentanyl Resulting in Serious Bodily Injury or Death (Robinson); and (XI) Accessory After the Fact to Distribution of Fentanyl Resulting in Serious Bodily Injury or Death (Banks).

**MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION TO DISMISS (SPEEDY TRIAL ACT) [ECF NO. 124] AND MOTION TO DISMISS (SIXTH AMENDMENT) [ECF NO. 131]**

Trial Act [ECF No. 123]. On October 1, 2019, he filed an Amended Motion to Dismiss – Speedy Trial Act [ECF No. 124]. On October 28, 2019, he filed a Motion to Dismiss - Sixth Amendment [ECF No. 131]. The Magistrate Judge conducted an initial appearance and arraignment of Banks on November 20, 2019. The same day, the Court set trial for January 7, 2020.

## II.    MOTION TO DISMISS - SIXTH AMENDMENT

**A.    Governing Law**

The Sixth Amendment to the Constitution of the United States provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" This right is separate and distinct from a defendant's right under the Speedy Trial Act. See United States v. Woolfolk, 399 F.3d 590, 594–98 (4th Cir. 2005). To establish a Sixth Amendment speedy trial violation, "a defendant first must show that the Sixth Amendment's protections have been activated by an 'arrest, indictment, or official accusation.'" United States v. Dixon, 542 F. App'x 273, 279 (4th Cir. 2013). When such a qualifying event has happened, the Court then engages in a four-part test set forth in Barker v. Wingo, 407 U.S. 514 (1972):

    (1)   whether the delay was uncommonly long;

    (2)   the reason for the delay;

USA V. ROBINSON                                             1:18-CR-50-1

**MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION TO DISMISS (SPEEDY TRIAL ACT) [ECF NO. 124] AND MOTION TO DISMISS (SIXTH AMENDMENT) [ECF NO. 131]**

(3) whether the defendant asserted his right to a speedy trial; and

(4) whether the defendant suffered prejudice from the delay.

To prevail on such a claim, a defendant must "establish 'that on balance, [the] four separate factors weigh in his favor.'" United States v. Hall, 551 F.3d 257, 271 (4th Cir. 2009). The remedy for a violation of this Sixth Amendment right is dismissal of the indictment. Barker, 407 U.S. at 522. As to the first factor, a delay must be presumptively prejudicial before the other factors need be examined. Id. at 530. One year is the point at which courts deem the delay unreasonable enough to trigger the Barker inquiry. Doggett v. United States, 505 U.S. 647, 652 n.1 (1992).

As to the second factor, "[t]he reasons for a trial delay should be characterized as either valid, improper, or neutral. On this factor, a reviewing court must carefully examine several issues, specifically focusing on the intent of the prosecution." Hall, 551 F.3d at 272 (citations omitted). Delays intended to gain a tactical advantage weigh more heavily against the government than delays resulting from good faith efforts by the Government. Barker, 407 U.S. at 531. A valid reason for delay, such as a missing witness, is weighted in favor of the

USA V. ROBINSON                                                  1:18-CR-50-1

**MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION TO DISMISS (SPEEDY TRIAL ACT) [ECF NO. 124] AND MOTION TO DISMISS (SIXTH AMENDMENT) [ECF NO. 131]**

Government. Id. "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered . . . ." Id. "[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." Id. "Simply waiting for another sovereign to finish prosecuting a defendant is without question a valid reason for delay." United States v. Grimmond, 137 F.3d 823, 828 (4th Cir. 1998).

As to the third factor, the Supreme Court has noted that a defendant has a right to assert his right to a speedy trial, and "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." Barker, 407 U.S. at 532. "The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Id. at 531.

As to the fourth factor, courts address prejudice "in the light of the interests of defendants which the speedy trial right was designed to protect." Id. at 532. The Supreme Court

6

USA V. ROBINSON                                          1:18-CR-50-1

**MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION TO DISMISS (SPEEDY TRIAL ACT) [ECF NO. 124] AND MOTION TO DISMISS (SIXTH AMENDMENT) [ECF NO. 131]**

"has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Id.

**B.   Analysis & Conclusion**

Here, Robinson's Sixth Amendment right to a speedy trial was triggered by his arrest on September 4, 2018. At the time Robinson filed these motions, he had been incarcerated for over one year without a conviction. As of the Court's hearing on the motions, he had been incarcerated for over 15 months. Under the first Barker factor, this time period is per se unreasonable and triggers the remaining inquiry. This factor weighs in favor of Robinson.

As to the second factor, the Government's stated reason for the delay — waiting for the completion of Banks's state prosecution in Georgia — has been held to be a valid reason for delay of trial. See Grimmond 137 F.3d at 828. This weighs in favor of the Government. As to the third factor, neither Robinson nor his counsel asserted Robinson's right to a speedy trial until the filing of these motions. This factor weighs in favor of the Government.

USA V. ROBINSON                                              1:18-CR-50-1

**MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION TO DISMISS (SPEEDY TRIAL ACT) [ECF NO. 124] AND MOTION TO DISMISS (SIXTH AMENDMENT) [ECF NO. 131]**

As to the fourth factor, the Court recognizes that incarceration, in and of itself, is prejudicial. However, the Court finds that this factor ultimately weighs in favor of the Government because Robinson was unable to identify any specific witnesses or testimony that was unavailable, any exculpatory evidence that was lost, or any evidence that was rendered unavailable by the delay. Robinson's counsel alluded to a potential alibi witness who is now allegedly unreachable because his or her telephone number has changed, and Robinson has no social media to reach out to him or her. Counsel noted that the only information Robinson had was a first name. The Court finds this argument unpersuasive because counsel has access to social media (including Robinson's) and can learn the witness's identity from Robinson. Given counsel's capabilities as well as the potential to utilize other investigative techniques, including hiring a private investigator, the Court cannot conclude, based on the information available to Robinson and his counsel, that the delay caused by deferring to the State of Georgia has generated any prejudice to Robinson's defense. This factor ultimately weighs in favor of the Government.

After analyzing, considering, and weighing the four Barker factors, Robinson has not met his burden to show that they weigh

USA V. ROBINSON                                          1:18-CR-50-1

**MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION TO DISMISS (SPEEDY TRIAL ACT) [ECF NO. 124] AND MOTION TO DISMISS (SIXTH AMENDMENT) [ECF NO. 131]**

in his favor. Therefore, his right to a speedy trial under the Sixth Amendment has not been violated, and he is not entitled to dismissal of the Superseding Indictment against him on this ground.

### III. AMENDED MOTION TO DISMISS - SPEEDY TRIAL ACT

**A.   Governing Law**

The Speedy Trial Act (the "Act") provides that a defendant's trial shall begin "within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). This 70-day period is subject to various exclusions, such as a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Id. § 3161(h)(6). It is well-established that "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." Henderson v. United States, 476 U.S. 321, 323 n.2 (1986). "In a case involving several defendants, time excludable for one defendant is excludable for all defendants." United States v. Jarrell, 147 F.3d 315, 316 (4th Cir. 1998).

**MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION TO DISMISS (SPEEDY TRIAL ACT) [ECF NO. 124] AND MOTION TO DISMISS (SIXTH AMENDMENT) [ECF NO. 131]**

There is no bright line rule that states what a reasonable period of delay is under § 3161(h)(6), but the Fourth Circuit has addressed the issue. For example, in United States v. Clyburn, the defendant claimed that a 147-day delay was unreasonable. 67 F.3d 297, *2 (4th Cir. 1995) (table). The delay was based on a co-defendant who remained at large. Id. at *21. The Fourth Circuit found the delay reasonable, and "[o]ne factor" cited in support of this finding was that the defendant "never moved for a severance." Id. at *2. In addition, the court noted that the defendant had not "shown how the delay prejudiced or impaired his defense." Id. The court found the delay "reasonable under the circumstances" and cited cases in which delays of almost 22 months and 8 months were held to be reasonable. Id. The court found that under the circumstances, the defendant's rights under the Speedy Trial Act were not violated.

**B.   Analysis & Conclusion**

Here, the Government stated in its briefing and during the motion hearing that the reason for its delay was deference to Banks's prosecution by the State of Georgia. After apprehending Banks in the hotel, law enforcement effectuated the fugitive warrant for Banks from Georgia and immediately took him into

USA V. ROBINSON                                          1:18-CR-50-1

**MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION TO DISMISS (SPEEDY TRIAL ACT) [ECF NO. 124] AND MOTION TO DISMISS (SIXTH AMENDMENT) [ECF NO. 131]**

state custody. Like in <u>Clyburn</u>, Robinson never filed a motion to sever.[3] Although the reasons for the delay were slightly different here than in <u>Clyburn</u> (Clyburn's involving a fugitive co-defendant while Robinson's involving deference to a co-defendant's state prosecution), deference to another state's prosecution of a co-defendant has been held to be a valid reason for delay under the Sixth Amendment. <u>See</u> <u>Grimmond</u>, 137 F.3d at 828. Under these circumstances, and, again, noting that no motion to sever was filed by Robinson, the Court finds the delay was reasonable under § 3161(h)(6).

## IV. <u>CONCLUSION</u>

For the reasons discussed above, the Court **ORDERS** the following:

- The Amended Motion to Dismiss – Speedy Trial Act [ECF No. 124] is **DENIED;**

- The Motion to Dismiss – Sixth Amendment [ECF No. 131] is **DENIED;** and

- The Motion to Dismiss – Speedy Trial Act [ECF No. 123] is **DENIED AS MOOT.**

It is so **ORDERED.**

The Clerk is directed to transmit a copy of this Order to counsel of record.

---

[3] Still, later in the hearing, the Court <u>sua sponte</u> severed the trials of Robinson and Banks for other reasons. <u>See</u> ECF No. 218.

**MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION TO DISMISS (SPEEDY TRIAL ACT) [ECF NO. 124] AND MOTION TO DISMISS (SIXTH AMENDMENT) [ECF NO. 131]**

DATED: December 27, 2019

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE